Adra SPENCER, Plaintiff-Respondent,

v.

Jackie BURNETT, Nell Keeney and Arvel Keeney, Defendants-Appellants.

No. 13769.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 11, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied
Feb. 27, 1985.

Application to Transfer Denied
April 2, 1985.

No appearance for plaintiff-respondent.

**538**

Ronald J. Fuller, Rolla, for defendants-appellants.

TITUS, Presiding Judge.

Defendants appeal from a $562.50 judgment rendered by the Circuit Court of Phelps County in favor of plaintiff following a trial by the court on plaintiff's claim that she was entitled to vacation pay from her former employers, the defendants. Plaintiff and her fellow employees had worked for the owner of a Rolla beauty shop for many years and, according to length of employment, had annually received vacation pay. Plaintiff's testimony and that of her fellow workers was that when the original owner sold the shop to defendants the spokesman for defendants called a brief meeting of the employees and advised that if they continued in their employment "everything would remain the same."

Thereafter for nearly a year the commissions paid the employees for salon work and retail sales of beauty supplies, hours of employment, and the Christmas bonus remained the same as they had been under the former owner. When the first anniversary of defendants' ownership neared, defendants proposed several changes in the conditions of employment which were unacceptable to plaintiff and she so informed the defendants, stated she was quitting and asked for her accrued vacation pay which was refused. Thereafter, plaintiff sued defendants and obtained the aforementioned judgment.

We have reviewed the transcript and defendants' brief and conclude the judgment nisi is supported by substantial evidence and is not against the weight of the evidence. We also determine that no error of law appears and that an extended opinion would have no precedential value. The judgment of the trial court is affirmed in compliance with Rule 84.16(b), V.A.M.R.

FLANIGAN and GREENE, JJ., concur.