**Kirk J. HOFFMEYER, Plaintiff/Respondent,**

v.

**DAVCO FOOD, INC., and Ron Kirkstien, Defendants/Appellants.**

No. 58175.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 4, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 15, 1991.

Application to Transfer Denied March 5, 1991.

David M. Duree, St. Louis, for defendants/appellants.

Christine Laughlin, Kansas City, for plaintiff/respondent.

GRIMM, Judge.

In this bench trial, defendants DavCo Food, Inc., and Ron Kirkstien appeal from the judgment awarding plaintiff $1,500.00 for vacation time he accrued prior to termination.

Defendants raise two points on appeal. They contend the trial court erred in permitting plaintiff to testify about the benefits associated with his job, in that there was no foundation for the testimony. We disagree; the trial court could have properly determined plaintiff had sufficient personal knowledge to testify.

Next, defendants contend there was no substantial evidence to support the judgment for plaintiff. As to defendant Kirk-stien, we agree. However, as to defendant DavCo, we disagree; there was sufficient evidence in this case.

## I. Background

We review the evidence in the light most favorable to the verdict. Defendants offered no testimony and did not cross-examine plaintiff, the only witness.

Plaintiff testified he was hired as an assistant manager by DavCo on July 17, 1977. He was terminated on August 31, 1987, when the company was sold. At the time of termination, he was working a 60 hour week, for which he was paid $673.08.

At termination, plaintiff received a check for $2,288.27. One line of the voucher with this check indicates 60 hours, with earnings of $673.08; under the column "Type," "VAC" appears. On the line below, earnings of $2625.00 are shown; under the Type column, "B" appears. Plaintiff explained this check was for one week of vacation and his full bonus. Deductions for insurance and taxes reduce the total from $3,298.08 to $2,288.27.

As a ten year employee of DavCo, plaintiff was entitled to four weeks vacation. As he was paid for only one week, he sued Kirkstien in small claims court for payment for the other three weeks. Plaintiff's relation to Kirkstien is not explained in the record.

His petition was for $1,500.00. At the small claims trial, DavCo was added as an additional party defendant. Plaintiff obtained judgment against DavCo for $1,500, but his claim against Kirkstien was denied.

Both defendants applied for a trial de novo, although judgment had been rendered in Kirkstien's favor. Following trial, plaintiff again received judgment for $1,500.

## II. Admission of Testimony

■ Defendants allege the trial court erred in admitting plaintiff's testimony regarding the terms of his employment.

Plaintiff testified, over objection of "no foundation," that the terms of his employ-

ment concerning vacation gave him "two weeks upon hire, when you hit five years you got three weeks, and at ten years you got four weeks."

Defendants contend this testimony was "obviously inadmissible, over the objection, in that there was no foundation to determine whether the testimony was based upon an alleged verbal statement or agreement or an alleged written document." We observe, however, that defendants neither sought to voir dire the witness as to the source of his knowledge, or cross-examine him.

Defendants also contend the trial court erred in permitting plaintiff to testify, over objection, that he had accrued four weeks of vacation pay at the time of his termination. Defendants' objection was "Calls for speculation and conjecture."

We disagree. Plaintiff was employed by DavCo for ten years as an assistant manager. The trial court could have reasonably determined that plaintiff had personal knowledge of the benefits associated with his employment. *See Spencer v. Burnett,* 686 S.W.2d 537 (Mo.App.S.D.1985) (employees of beauty shop testified about benefits including vacation pay.) Point denied.

### III. Substantial Evidence

■ Defendants also contend that, even if plaintiff's testimony was properly admitted, there is no substantial evidence to support the trial court's judgment. As to Kirkstien, we agree. Kirkstien is not mentioned in the trial transcript, and there is no evidence that he owes any obligation to plaintiff.

"The right to vacation pay upon termination of the employer-employee relationship is a contractual right. It may be the subject of the provisions of a written contract. Or it may be established by implied contract. Customs and usages may by implication become part of the parties' contract." *City of Webster Groves v. Institutional & Pub. Em. U.,* 524 S.W.2d 162, 167 (Mo.App.E.D.1975) (citations omitted).

In a bench tried case we should affirm the judgment unless there was no substantial evidence to support it, unless the judgment was against the weight of the evi-dence, or unless it erroneously declared or applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We should set aside the judgment on the ground that it is against the weight of the evidence "with caution and with a firm belief that the decree or judgment is wrong." *Id.* We do not have such a "firm belief."

Here, plaintiff testified he was hired in 1977 as an assistant manager and continued in that position until terminated in 1987. He further testified DavCo gave him papers regarding his benefits when he was hired, which he no longer had. DavCo employees with ten years service were entitled to four weeks vacation.

Upon termination, plaintiff received payment for one week of vacation. It is reasonable to infer from this payment that DavCo's policy was to pay accrued vacation benefits upon termination. Thus, the trial court could have found that the "right to vacation pay upon termination ... is a contractual right," *Webster Groves,* 524 S.W.2d at 167, and DavCo owed plaintiff for three weeks vacation. Point denied.

The trial court's judgment concerning DavCo is affirmed; the judgment against Kirkstien is reversed.

PUDLOWSKI, P.J., and KAROHL, J., concur.